## Brown v. Hendrickson.

1. **Pleading and Practice**: FORMS OF ACTION ABOLISHED. In this state all forms of action are abolished, and it is too late to ask a court to distinguish between "trespass" and "trespass on the case."

2. **Evidence**: ERROR CURED BY VERDICT. An error in admitting evidence against objection is cured when the verdict is in favor of the objector on the point to which the evidence related.

3. ————: ERROR: OBJECTION TOO LATE. An objection to the admission of evidence cannot be raised for the first time in this court.

*Appeal from Sac District Court.*

FRIDAY, APRIL 23, 1886.

THE plaintiff is the owner of certain real estate on which is situate a windmill and other machinery, and the petition states that the defendant entered on said premises, and willfully and tortiously "did trespass on said premises,    *·
*    *    and did, by his own willful act, break, damage and wholly destroy the said windmill and machinery," whereby the plaintiff was greatly damaged. The defendant pleaded a general denial, and that what he did was in good faith, for the purpose of protecting plaintiff's property during a violent wind storm. Trial by jury. Verdict and judgment for the plaintiff. The defendant appeals.

*C. D. Goldsmith*, for appellant.

*S. M. Elwood* and *Samuel Quail*, for appellee.

SEEVERS, J.—I. It is claimed by counsel for the appellant that the cause of action stated in the petition is a trespass, 1. PLEADING and that the evidence establishes, if anything, and practice: forms what was formerly known as trespass on the of action abolished. case, and therefore a new trial should have been granted, because the "verdict is not supported by the evi-

dence." No objection was made to the introduction of evidence which tended to show what counsel styles "trespass on the case," and, as a cause of action is stated in the petition, we are clearly of the opinion that, under our system of pleading, the point made by counsel is not well taken.

It is further said that the verdict is against the evidence, for the reason that the right of the plaintiff to recover on any ground has not been established. It is sufficient to say that this, in our judgment, is a grave mistake.

II. The plaintiff testified that he had a conversation with defendant about the mill, and the damage thereto, and, in 2. EVIDENCE: response to the question, "what did he say?" the error cured by verdict. plaintiff stated what the defendant told him, and then added: "That convinced me that he had done it maliciously." The defendant moved the court to strike out that part of the answer as not being responsive to the question. The objection was overruled. Counsel say the part of the answer he moved to strike out is that portion above quoted; but the ground now urged is different. It is now said that the witness testified to an opinion, and for that reason it was incompetent. It is not fair to the court below to urge a ground of objection in this court which was never made below; but this is immaterial in this case, for the reason that the jury failed to find any exemplary damages, and therefore the question whether the defendant's act was malicious was immaterial, and the evidence in relation thereto was not prejudicial.

III. Evidence was introduced tending to show the value of the mill before and after it was injured. This evidence 3. ———: error: objection it is said is incompetent. Possibly this is true; too late. but the objection is raised for the first time in this court, and for that reason must be overruled. It is said that, when the defendant sought to introduce similar evidence on his part, the court ruled differently. This is not precisely true. When the defendant sought to introduce such evidence, the plaintiff objected, and the court sustained the objection. This was the only ruling made, and we think it correct. It

Brown v. Hendrickson.

was immaterial whether the mill had been properly con-structed or not, or what was its value, except as these ques-tions bore on the amount of damage sustained. It is said that the court made some remarks, during the introduction of the evidence, in explanation of the ruling made at the time, which conflict with the instructions given the jury. Con-ceding this to be so, we are not prepared to say that the defendant was in any respect prejudiced by the reasons stated in support of the ruling. Indeed, we are clearly of the opin-ion that he was not.

- IV. It is said that the issues were not correctly stated to the jury. The objection is that the court confounded tres-pass with trespass on the case. This, under our system of pleadings, is immaterial. The third instruction withdrew from the jury the special defenses pleaded, because no evidence had been introduced to sustain them. This ruling is correct, and it is insisted that the sixth instruction is erroneous, because, in substance, the court did not draw the distinction between trespass and trespass on the case. This is too technical to entitle it to serious con-sideration. One hundred years ago, or thereabouts, courts and lawyers seem to have had a vague impression that there did exist a practical difference between the two actions; but the line of demarkation never has been satisfactorily estab-lished, and is now immaterial, so far as the rights of these parties are concerned.

SAME AS NO. 1.

Other objections are made to the instructions, and possi-bly we have not considered all the objections urged in rela-tion to the evidence. As to such, we deem it sufficient to say that they are not well taken.

AFFIRMED.